I hereby certify that this instrument is a true and correct copy of
the original on file in my office. Attest: Sandy Opacich, Clerk
U.S. District Court, Northern District of Ohio
/s/Robert Pitts
Deputy Clerk



# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION    MDL No. 2804

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in thirteen actions and Eastern District of Missouri defendants Mylan N.V., and Mylan Pharmaceuticals, Inc., move under Panel Rule 7.1 to vacate the orders conditionally transferring the actions listed on Schedule A to MDL No. 2804. Various defendants[1] oppose the motions.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into cities, states and towns across the country. *See In re: Nat'l Prescription Opiate Litig.,* 290 F. Supp.3d 1375 (J.P.M.L. 2017).

Despite some variances among the actions before us, they all share a factual core with the MDL actions: the manufacturer and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of such drugs. The actions therefore fall within the MDL's ambit.

The parties opposing transfer in twelve actions argue principally that federal jurisdiction is lacking over their cases. But opposition to transfer challenging the propriety of federal jurisdiction is

---

[*] Judge Ellen Segal Huvelle did not participate in the decision of this matter.

[1] Amerisourcebergen Corp. and Amerisourcebergen Drug Corp.; Cardinal Health, Inc., McKesson Corp. (distributor defendants); Allergan PLC, Allergan Finance, LLC;Actavis LLC, Actavis Pharma, Inc.; Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Insys Therapeutics, Inc.; Janssen Pharmaceuticals Inc.; Johnson & Johnson; Mallinckrodt plc; Mallinckrodt LLC; Purdue Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc.; SpecGx LLC Teva Pharmaceuticals USA, Inc., and Teva Pharmaceuticals Industries Ltd.; Watson Laboratories, Inc., Watson Pharma, Inc. and Watson Pharmaceuticals, Inc. (manufacturing defendants).

insufficient to warrant vacating conditional transfer orders covering otherwise factually related cases.[2] Several parties also argue that including their actions in this large MDL will cause them inconvenience. Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole. *See In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Transfer of the Eastern District of Missouri *Jefferson County* action is not hindered by plaintiff's argument that defendant CVS impliedly asserted mass action removal under CAFA. CVS removed the case alleging both federal question and class action CAFA jurisdiction. It never alleged that the action was a mass action. Moreover, CAFA prohibits transfer only of cases removed solely as mass actions. *See In re: Darvocet, Darvon and Propoxyphene Products Liability Litig.*, 939 F. Supp. 2d 1376, 1379–81 (J.P.M.L. 2013). Even if mass action removal could be implied here, defendant asserted two additional grounds for removal. Section 1407 transfer is appropriate in these circumstances. *See Id.* at 1381 ("Upon review of CAFA's overall purpose and its entire legislative history, we conclude that Congress did not intend that actions removed on multiple grounds, grounds which include the mass action provision, would be restricted from Section 1407 transfer.").

BCBS of Louisiana, plaintiff in the District of Massachusetts action, opposes transfer by arguing that this action is unique; some actions against Insys are proceeding outside of the MDL; and the action could proceed much more quickly outside the MDL context. These arguments do not justify excluding this case from the MDL. Transfer is warranted in light of the significant factual overlap *BCBS of Louisiana*, a putative third party payor class action, shares with the allegations in other MDL actions.[3] Plaintiff is correct that two non-class cases brought by health insurers against Insys are pending outside the MDL.[4] But these cases were filed before the MDL was created and have advanced significantly during their pendency. While transfer may add some degree of delay to the progress of certain actions, it offers substantial efficiencies by allowing factually-related cases to proceed alongside each other. Here, the MDL includes several other third party payor actions, as well as hundreds of governmental entities' actions, against Insys based on its sales of its opioid product Subsys.

---

[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

[3] *See, e.g., American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan v. Purdue Pharma L.P. et al.*, N.D. Ohio, C.A. 1:18-op-45013, doc. 1 at ¶ 96 (class of third party payors and insurers, alleging Insys executives "others devised a scheme to pay speaker fees and other bribes to medical practitioners to prescribe Subsys and to defraud insurers into approving payment for it.").

[4] *Blue Cross of Cal., Inc. et al v. Insys Therapeutics, Inc.*, D. Arizona, Case No. 2:17-cv-2286; *Aetna Inc. and Aetna Health Management, LLC v. Insys Therapeutics, Inc. et al.*, E.D. Pennsylvania, Case No. 2:17-cv-4812.

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Lewis A. Kaplan          R. David Proctor
Catherine D. Perry       Karen K. Caldwell
Nathaniel M. Gorton

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION          MDL No. 2804

## SCHEDULE A

    Northern District of Illinois

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, ET AL.
    v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19-811

    District of Massachusetts

BLUE CROSS AND BLUE SHIELD OF LOUISIANA, ET AL. V. INSYS THERAPEUTICS,
    INC., ET AL., C.A. No. 1:18-12538

    Eastern District of Missouri

JEFFERSON COUNTY, ET AL. v. WILLIAMS, ET AL., C.A. No. 4:19‒157

    District of New Jersey

CAPE MAY COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19‒5416
UNION COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19‒5419

    Eastern District of Oklahoma

ADA CITY OF v. PURDUE PHARMA, LP, ET AL., C.A. No. 6:19‒34

    Northern District of Oklahoma

CITY OF BROKEN ARROW v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 4:19‒47

    Western District of Oklahoma

OKLAHOMA CITY CITY OF v. PURDUE PHARMA LP, ET AL.,
    C.A. No. 5:19‒76
LAWTON CITY OF v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19‒78
EDMOND CITY OF v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19‒149
GUTHRIE CITY OF v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19‒158
PONCA CITY CITY OF v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19‒160

    Western District of Washington

SNOHOMISH COUNTY v. PURDUE PHARMA LP, ET AL., C.A. No. 2:19‒368



**Transfer Order MDL 2804**

**OHNDdb_MDL** to: InterdistrictTransfer_ILND, InterdistrictTransfer_MAD, MOEDml_MDL_Clerks, MDLClerk,

Sent by: **Robert T Pitts**

06/06/2019 09:38 AM

| | |
|---|---|
| From: | OHNDdb_MDL/OHND/06/USCOURTS |
| To: | InterdistrictTransfer_ILND@ilnd.uscourts.gov, InterdistrictTransfer_MAD@mad.uscourts.gov, MOEDml_MDL_Clerks@moed.uscourts.gov, MDLClerk@njd.uscourts.gov, InterdistrictTransfer_OKED@oked.uscourts.gov, |
| Sent by: | Robert T Pitts/OHND/06/USCOURTS |

Greetings

Attached is a certified copy of the Transfer Order from the Judicial Panel on Multidistrict Litigation directing the transfer of actions listed to the Northern District of Ohio.

When the case has been closed in your district please:

1. Initiate the civil case transfer functionality in CM/ECF.
2. Choose court Ohio Northern.

After completion of this process the NEF screen will display the following message:

  *Sending email to InterdistrictTransfer OHND@ohnd.uscourts.gov*

  If this is not displayed, we have not received notice.

  We will initiate the procedure to retrieve the transferred case upon receipt of the email



2804 Certified Transfer Order 6-6-19.pdf